May it please the Court, my name is Elliot Thompson. I'm here today on behalf of Appellant Ms. Amy Ho, who is also present today in person in the courtroom. Okay, and you did not write the brief? I did not write the brief, Judge. Ms. Ho's previous counsel submitted the brief, subsequently retired Ms. Ho, then adopted the brief, and I was retained just about a month ago for today's purposes. So, this is an employment discrimination case that arises out of Ms. Ho's complaints to the EEOC in subsequent suit that her employer, the United States Postal Service, discriminated against her when they made her return to full service. We're here today because the District Court granted the defendant's motion to dismiss based on the allegation that Ms. Ho did not timely file a complaint with the EEOC. So, to get right to what I think is the heart of the matter, it's when does the 45 days begin? And under Lukofsky and defendant's argument, that 45 days begins at the employment action, whether that's the hiring, the firing, or in Ms. Ho's case, being made to return to regular duty. And I think to distinguish Lukofsky, the first issue is that Lukofsky does not address 29 CFR 1614, which is the agency's regulation at issue in our case. Lukofsky specifically states that that issue has not been addressed, or the issue in Lukofsky had not been addressed by the Ninth Circuit. However, 29 CFR 1614 has been addressed by the Ninth Circuit. So, I would first respectfully suggest we look at Boyd v. United States Postal Service, 752 F. 2nd 410, which is the 1985 Ninth Circuit opinion. Mr. Gifford, give me that case again. I'm sorry. The site is 752 F. 2nd 410. And the name of the case? Boyd v. United States Postal Service. And is that cited in the briefs? I do not believe it is cited in the briefs, Judge. That's a good bet, because hardly anything is cited in the briefs. Yes, sir. Okay. So, to quote that case, the time period for filing a complaint of discrimination begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights. And that case has been cited in a variety of district court cases. Unfortunately, I didn't bring any Washington cases today. There is a Montana case, which I will quote. That case, again, a district court case, Christensen v. Alvarez, 31 F. 2nd 787, decided in 1999, which states, quote, it is not reasonable to expect the employee to file a discrimination claim when no discrimination can be perceived. And so I think that's the rule now in the Ninth Circuit. And I think that's consistent also with what I would ask this Court to consider, which is how the EEOC handles these cases. And they've published documents in guidance to make sure that this rule is followed consistently and followed correctly. And what the EEOC has said is, quote, the time limitation is not triggered until a complainant reasonably suspects discrimination has occurred. They further state that the Commission will look at what, if anything, a complainant has learned between the date of the original incident and the event which first triggers the complainant's suspicion. Kennedy. What does the complaint allege as the event that allowed the plaintiff to become aware? The plaintiff became aware of the possibility of discrimination when she learned that coworkers of hers who were similarly situated but who did not look like her were treated differently. What do you mean in that context by similarly situated? I mean that they had suffered injuries, as Ms. Ho did. They were on limited duty, as Ms. Ho was. But then Ms. Ho was told there's a rule you have to return to full duty after one year of limited duty. That rule was not applied to her coworkers who were Caucasian. All right. So is there such a rule, a one-year rule? Is there such a rule? I'm not aware of a rule that exists within the Postal Service. If there is, it was not applied consistently. In other words, it seems to me putting somebody on limited duty would depend obviously on the individual circumstances. Wouldn't they? I mean how serious the injury or the disease is. What the doctors report is on the prognosis of when the person will be well enough to resume full active duty. Do you understand what I mean? Absolutely, Judge. It's case by case. Just a minute. So then why would the fact that somebody was given more than one year give notice? It seems like you're almost alleging there's a rule that says limited duty can't go beyond one year. Is that your position? No. It's my position that that was the purported reason that Ms. Ho's supervisor gave her when her supervisor returned her to full duty. And it was only later. That, of course, is in the complaint. But, I mean, supervisor said what? That she had to return to full duty because she had been on limited duty for one year. All right. So her cases for timely filing is based upon an allegation that a supervisor told her she had to return to duty within one year? No, it's based on the fact that later, after she was returned to full duty, she found out that other people who were similarly situated were treated differently and allowed to remain on limited duty for longer than one year. So your case depends on the Postal Service having a rule that you have to return to duty within one year. Is that what it depends on? Well, I think it depends on the fact that if we treat the allegations in the complaint as true, which I think we have to, Ms. Ho discovered comparators, people who were similarly situated, who were not treated the same as her when they were allowed to remain on limited duty. And if the facts turn out that those people were not similarly situated, they had different issues and medical diagnosis or assessments different from her, then that might be a summary judgment motion, but it's not correct to do it at this stage. I agree, Judge. It would be problematic for Ms. Ho, certainly, but not at this stage. Well, you see, for me, it's still difficult to understand why one year would trigger something in the plaintiff's mind. And I think you said the supervisor told her, well, there's a one-year limit on limited duty. That's what's related to the complaint, Judge, yes. But then are you saying if there's no one-year limit, you lose? No. What I am saying is that it's when Ms. Ho found out that other people were treated differently than her, and that purported rule But to treat it differently depends upon whether or not there's a one-year rule. Is that right? In other words, you're saying she was held to the one-year rule, but the other people weren't. I think the rule is the purported reason. Whether or not there is a rule, I think, is beyond the point. I think what is at issue is that certain people were not treated the same with respect to this one-year limit. She was told you can only be on limited duty for a year. Other people were not treated that way. Whether or not there is a rule, I think, is — Suppose there is no one-year limit. Then I think that would support our position that she was not treated fairly in the trial court. But I think for these purposes, I'm — No, no, no, but your allegation is she was treated differently because there is a one-year rule, and other people weren't held to it. That's what this seems to allege. Paragraph 18 of the complaint. Well, I think — Well, let me put it this way. If you were given leave, what would you allege in terms of, you know, what the period is, when she became aware of it, and why? What could you allege? Well, she became aware that she was not treated — she became aware of the possibility of discrimination in August of 2013. That's when she found out about coworkers who were treated differently than she was, and it would be our position, based on a complaint, that they were similar. What do you mean by treated differently? Even if there's not a literal one-year rule, what you mean is she was treated differently by her employer supervisor, who either was enforcing a rule that exists or was creating a rule that doesn't exist, but created the rule to the detriment of Ms. Ho, and never used such a fake rule against similarly situated people. Yes, sir, exactly. All right. But in that context, when you use the term similarly situated, you mean with the same kind of injury, at least, same kind of injury in the sense that, you know, the time off of work required to recover would be roughly the same as your client's, right? Certainly an injury that would be comparable in terms of its limitations with respect to the ability to do the full service duty, yes, sir. And you think you can allege something like that if you're given leave? I think that that's what the complaint alleges, and whether or not that's true or not would be an issue for either summary judgment or a trial. All right. I got you. Thank you. Let's hear from the other side. We've taken you pretty much to the end of your time, but we'll make sure you get a chance to respond. Thanks, Judge. May it please the Court, James Cox, appearing on behalf of the Postmaster General. The District Court correctly held that plaintiff's claims were barred because she missed the statute of limitations by at least six months. I think it's important at the outside to clarify the two legal issues that are involved and also to note which issues the plaintiff raised in the District Court and which issue the plaintiffs are raising now, because it goes to the issue of plaintiff's waiver of the equitable tolling defense. Is this Boyd case, which I have not yet read, is that an equitable tolling case or is that a sort of non-equitable statutory or rule-based tolling case? Your Honor, I can't say for sure. I haven't looked at the case recently, so I can't answer that with any confidence. I read a lot of cases. No help from the briefs in terms of finding the cases I was supposed to read, but I didn't read the Boyd case from the description I got. It doesn't sound like it's an equitable tolling case, but maybe it is. Well, Your Honor, the one point I would stress is the issue of the accrual of a claim versus the issue of whether an equitable defense applies to toll the statute of limitations. But how do you know you have a claim until you see something that triggers in your mind, oh, I was just sold a bill of goods, and I realize now I've been discriminated against? Well, Judge Lasnik, the Lukowski case goes into that, and it talks about how the injury, just as in a tort case, the injury is what triggers the claim. The fact that you received an adverse employment action in the employment contest means that you have suffered an injury. So if I'm an African American and I apply for a job and I'm turned down, but I'm given the reason that I don't have the necessary qualifications, and somebody is hired who has the same or less qualifications than me, but I don't find out about it until six months or a year and a half later, and there's some sort of statute that said I had to file my claim within 90 days, I'm out of luck. Not necessarily, Your Honor. The claim accrued when that plaintiff or that employee did not receive the position, but then the question of equitable tolling applies. And that's when this Court's Huseman decision comes into play in the standard for tolling, which is two elements, due diligence and vital information. So it's a very fact-specific issue as to whether what that plaintiff knew about the reason that he was given for not receiving that job. And when you say fact-specific to a trial judge, I say, okay, that's some rejudgment or that's some sort of looking at the facts to see whether it applies, not motion to dismiss, grant it. Well, and in this case, Your Honor, the plaintiff did not raise the equitable tolling argument below, and the government was prevented then from being able to show at summary judgment why, or in a motion to dismiss if it could be done based on the pleadings, why the defense did not apply. And in this case, the plaintiff never used the words equitable tolling in the district court, never cited the CFR regarding equitable tolling, never provided the legal standard for equitable tolling, and, in fact, did not even provide all the facts necessary to establish an equitable tolling defense. The plaintiff's argument was only that the claim did not accrue until she reasonably suspected a discriminatory motive. And that is not the case under the Lukowski case. But even if the plaintiff hadn't waived that, and she did in this case, equitable tolling would still not apply because, going back to Judge Lasnik's hypothetical, the question then becomes, what has the plaintiff shown about their due diligence in trying to determine? Well, how much, and assume for a moment that the word equitable toll, phrase equitable tolling, had been used in the district court. I understand it was not. But assume for a moment that the argument isn't waived. You're now saying that she's not alleged enough in the complaint, which is a different argument. Well, how much does she have to allege in the complaint? She alleges that she was told she had to come back because more than a year had elapsed. She then learns later that three non-Asian employees who had not filed previous EEOC complaints were given up to three years to come back. It may be that this needs to be fleshed out more with discovery and then summary judgment or trial, but it seems to me at least the bare outlines of the facts are right there for equitable tolling. Well, Your Honor, moving past the issue of waiver, which would be the government's first concern. I understand that, yeah. But moving to that issue, what she failed to plead is that that evidence that she claimed she found over six months after the statute of limitations expired, that that was not a statutory period, and that she made efforts to try to determine that information. Well, it depends on how strictly you read Rule 8 then. I mean, how much detail does she need to put into the complaint? I understand we're in a post-Iqbal world, but we're also in a world in which we've got some non-Iqbal cases, Leatherman and so on. I mean, this is a Rule 8 pleading question the year now after. Well, Your Honor, even if she didn't plead it, she should have provided that in response to the government's motion to dismiss. Not necessarily plead in the complaint, but at least give the government some opportunity to say. Well, but the issue was the government's motion to dismiss was based on the complaint. You're saying she should have redrafted the complaint then, because this is a 12b-6 motion, right? Yes, Your Honor, and she could have chosen that option. But the government needed some way to know that the plaintiff is claiming that the statute of limitations should have been told. Well, you probably suspected that anyway, but let me ask this question. Did the question come up during — was this motion argued in district court? There was no oral argument, Judge Tshishima. So no one had a chance in district court to say, well, for instance, you know, if I had leave to amend, I could allege, you know, what's deficient in this complaint? Oh, Judge Tshishima, the plaintiff had opportunity. She could have moved for reconsideration. She could have put this in her briefing, requested opportunity for leave to amend. Well, but I think our case law is if the complaint can be amended, you don't have to ask for leave to amend. The court has to grant it. Isn't that our case law? Yes, Your Honor, but the plaintiff did not request that. Well, you don't have to request it. The question is should the court have granted leave, because these circumstances are susceptible to an amendment that would, you know, take care of the problem. And, you know, if you pick up what Judge Fletcher is saying, we're not criticizing the trial judge, Chief Judge Mosman. He was not given much in the way of law or none of these arguments were made in front of him. So, you know, you can start from the proposition that Ms. Ho didn't have effective representation in presenting her issue to the court. But as Judge Tshishima says, even if we do a dismissal, it's often with leave to file an amended complaint or something in the order that signals to the plaintiff, there's not enough here, but you should have an opportunity to plead what you need to plead. And we're looking at it and saying, well, maybe she didn't get the opportunity that she deserves to at least try to prove her claim or plead what she needs to for her complaint. Well, Judge Leisnick, one thing I would point out is this dismissal was not with prejudice. The judgment did not state whether it was with or without prejudice, which under Rule 41 means it was without prejudice. So plaintiffs certainly had the opportunity to file a new claim, which might have had its own statute of limitations. But at no point in time did the plaintiff ask requests for leave to amend. So the trial judge was not aware that the plaintiff would seek to allege this new legal defense. And going back to Judge Fletcher's question about what's missing here, there is information that's missing here that the trial judge did not have and the government did not have regarding the applicability of an equitable tolling defense. And that information is information about why this evidence about these alleged comparators was not available to the plaintiff earlier. In other words, did the more favorable treatment to them occur so recently that it wasn't available to the plaintiff? And the government could have shown potentially that, no, that's not the case. Were these alleged? She does state in the complaint when she became aware, so we know that. So the real issue is should she have become aware earlier? Correct, Your Honor. But that's necessary to an equitable tolling defense under the Huseman. Well, I understand that. But the question is how much needs to be pled in the complaint. Or beyond pleading, Your Honor, if the defense is challenged at an early motion for summary judgment, what evidence the plaintiff has? Well, but there was no motion for summary judgment. This is 1286. I thought you said that. It was, Your Honor. So we're looking at the complaint. Certainly, Your Honor. But the other item I would add regarding this defense is simply the point that these comparators, were they, was the information accessible to the plaintiff during the statutory time period? And we just don't know that. Yeah. And, Mr. Cox, you may well win your case, but I don't think it's going to be today. Well, none of that is certainly disclosed on a 1286 motion that well. She should have known two months ago because there was a general memo sent around the post office saying X, Y, and Z, right? That's not in the complaint. So you test, right, the sufficiency of the allegations in the complaint, not you don't test whether plaintiffs should have made a more diligent investigation on a 1286, do you? But on this issue, once the statute of limitations is not met, Your Honor, the plaintiff bears the burden of showing that this exception. Well, we understand that. But the question is, on a 1286 motion, why should she just be thrown out of court without, you know, giving the opportunity to make those showings? Your Honor, the government would contend that she had the opportunity to make that argument and that she weighed the defense by failing to do so. Well, look at paragraph 18 of the complaint. Why is that not sufficient to raise the issue of equitable tolling? What's missing from that? Your Honor, I see that I'm out of time. If I could go ahead and respond to the question. Your Honor, that information just goes to her knowledge of the potential existence of a claim. It does not relate to the accrual of the claim. She's giving some fact. I agree, Your Honor. I'm not talking about accrual. I'm talking about equitable tolling. Why isn't that sufficient to raise the issue of equitable tolling? Because she did not argue equitable tolling, Your Honor. I'm saying why isn't this allegation in the complaint sufficient to raise the issue? Because it, Your Honor, because it doesn't show that she exercised due diligence within the statutory time period to obtain vital information necessary to her claim. Your Honor, I would agree that it's a fact that goes to the defense, but then she never raised the defense and she never provided the remaining facts that would have established the defense. Okay. Let me ask a different question, but it goes in a sense to waiver. I've read the papers that were filed in the district court and I've read the papers that were filed in front of us and I confess it didn't take me very long to read any of that stuff because there wasn't very much. And we've had one or two cases cited to us today that were not in the briefs, which might be absolutely on point, including this Boyd case, which I confess, although I read a lot of cases, I didn't read that one in preparation for this argument. Would you like an opportunity for supplemental briefing? Because the briefing we have now isn't very good. I would welcome that opportunity, Your Honor. Okay. And on the question of waiver of equitable tolling as an argument, I recognize that equitable tolling was not, that phrase was not used in any of the papers filed in the district court, nor was it used in the briefing filed before us by the plaintiff appellant. But is it enough that we have facts here that to any intelligent sort of person familiar with the field would suggest that there's an equitable tolling argument? I mean, the facts just cry out equitable tolling. Your Honor, I think the Herita case is the one case that I found that's most on point where the plaintiff needs to set forth the argument as well as the facts. And even though the argument's not included, there are facts that are missing here that the plaintiff did not set out. No, I understand that part. Okay. Thank you, Your Honor. Okay, thank you. Response? I think at this point it's probably foolish for me to add anything additional, Judge. I would just also throw out the possibility that, first of all, some of this evidence may not have existed within the 45-day time period. It may have accrued at a later date. And then also I think I would just ask the Court to consider the consequences of adopting the defendant's position such that people would be required, if they want to reasonably secure their rights, they would have to make a complaint every time something happened, regardless if they had any reason at all to believe it was discriminatory. Well, that's the purpose of the equitable tolling doctrine. Yes, Judge. And I believe the Boyd case is not an equitable tolling, but simply states when the actual period begins as opposed to when it's tolled. Okay. Well, one element, though, of equitable tolling, according to Mr. Cox, is you have to allege and prove due diligence in pursuing your claim. What can you allege that the plaintiff did during this period of inactivity? Well, I think that that would be something to resolve in district court, Judge, and I think it would have to do with whether or not this information was available, what information was given to her as a reason for why she was returned to full duty, and the ability of an individual to determine what every other co-worker was doing and what their personal health circumstances were, et cetera. Okay. And on the question of supplemental briefing, unless you get an order from us, no supplemental briefing. Okay. Thank you, Judge. Thank you. Thank both sides for your arguments. The case of Ho versus it's now Donahue, submitted for decision. Thank you.
judges: Tashima, W. Fletcher, Lasnik